IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MICHAEL W. CANNADAY,** § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:10-CV-1756-L** |
| § | |
| **UNITED STATES OF AMERICA** and § | |
| **INTERNAL REVENUE SERVICE,** § | |
| § | |
| Defendants. § | |

### MEMORANDUM OPINION AND ORDER

After a review of the record, the court *sua sponte* considers whether this action should be transferred to the Fort Worth Division of the Northern District of Texas. For the reasons stated herein, the court **transfers** this action to the Fort Worth Division.

**I.   Background**

Plaintiff Michael W. Cannaday ("Plaintiff" or "Cannaday"), a resident of Grapevine, Texas, filed this action on September 7, 2010, against the United States of America and the Internal Revenue Service ("I.R.S."). He filed this action to quiet title to property located at 2807 Crestridge Court, Grapevine, Texas 76051. Cannaday also resides at this address. Cannaday contends that the I.R.S. prematurely and illegally levied a tax lien on the property.

**II.   Applicable Standard for a Section 1404(a) Transfer**

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). A court may *sua sponte* transfer an action under this statute. *See Jarvis Christian Coll. v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir. 1988). In

applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't,* 337 F.3d 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)). Once this initial determination is made, a district court

> turn[s] to the language of 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG,* 371 F.3d at 203 (citations omitted).

There is no question that the events giving rise to this lawsuit occurred in the Northern District of Texas, which encompasses the Fort Worth and Dallas Divisions, as well as five other divisions. 28 U.S.C. § 124(a)(1)-(7). It is without cavil that venue is appropriate in this *judicial district*, the Northern District of Texas. Moreover, the parties cannot dispute that the Fort Worth Division is a *division* in which Plaintiff's action or claims could have been brought originally; indeed, it would be fatuous to contend otherwise. The question that must be resolved is whether an

intradistrict transfer should occur from the Dallas Division to the Fort Worth Division.[*]

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering "[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C.Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)). The moving party bears the burden of demonstrating that a change of venue is warranted. *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966); *Carlile v. Continental Airlines, Inc.,* 953 F.Supp. 169, 170 (S.D. Tex. 1997).

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publ'ns, Inc.,* 85 F.Supp.2d 663, 667 (S.D. Tex. 1999); however, a court may not attribute "decisive weight" to a plaintiff's choice of forum. A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't,* 337 F.3d at 434. Having determined that this action could have been originally filed in the Fort Worth Division, the court now considers the eight factors to determine whether it should be transferred to that division.

### III. Analysis

Cannaday, a resident of Grapevine, Texas, filed suit against the I.R.S. alleging that the I.R.S. illegally issued a tax lien on his property. The property in dispute is located in Grapevine, Texas. Grapevine is primarily located in Tarrant County, but small portions of Grapevine are located in

---

[*]The Dallas Division consists of the counties of Dallas, Ellis, Hunt, Johnson, Kaufman, Navarro, and Rockwall. The Fort Worth Division consists of the counties of Comanche, Erath, Hood, Jack, Palo Pinto, Parker, Tarrant, and Wise. 28 U.S.C. § 124(a)(1),(2).

**Memorandum Opinion and Order- Page 3**

Dallas and Denton counties as well. The court has conducted research and determined that the property where Petitioner resides is located in Tarrant County. Also, Plaintiff states that the property in dispute is located in Tarrant County. This action simply has no ties to the Dallas Division, and the court can think of no legally supportable reason why litigation of this action should take place in the Dallas Division.

In considering each of the eight factors, the court determines that the overwhelming majority favors a transfer to the Fort Worth Division. The remaining factors are neutral or not relevant to a section 1404(a) inquiry. Accordingly, the interest of justice warrants a transfer to the Fort Worth Division.

### IV. Conclusion

For the reasons stated herein, the court **directs** that this action, "for the convenience of the parties, in the interest of justice," be transferred to the Fort Worth Division of the Northern District of Texas. The clerk of the court shall effect this transfer in accordance with the usual procedure.

**It is so ordered** this 30th day of September, 2010.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge